UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER BAINBRIDGE, <u>ET AL.</u>, : <br>       Plaintiffs       : <br>        : <br>   v.       : <br>        : <br> OCWEN LOAN SERVICING, LLC, <u>ET AL.</u>, : <br>       Defendants       : | CIVIL ACTION NO. 3:16-CV-0411 <br> (Judge Nealon) |

**<u>ORDER</u>**

**AND NOW, THIS 30TH DAY OF MARCH, 2017**, upon consideration of the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant Udren Law Offices, P.C.'s ("Udren") motion to dismiss, (Doc. 21), is **GRANTED** in part and **DENIED** in part.

2. Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank, N.A. as Trustee for the C-BASS Mortgage Loan Trust Asset-Back Certificates, Series 2007-CB6's ("U.S. Bank") motion to dismiss, (Doc. 23), is **GRANTED** in part and **DENIED** in part.

3. Defendants' respective motions to dismiss, (Docs. 21, 23), are **GRANTED** to the extent they seek dismissal of Plaintiffs' Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u> ("FDCPA"), claims concerning Plaintiffs' underlying state foreclosure action, <u>see</u> (Doc. 14, pp. 5-6). Plaintiffs' remaining FDCPA claims concerning their bankruptcy action, <u>see</u> (Doc. 14, p. 5), will proceed.

4. Plaintiffs' FDCPA claims concerning their underlying state foreclosure action, <u>see</u> (Doc. 14, pp. 5-6), are **DISMISSED with prejudice** because those claims are barred by the FDCPA's statute of limitations and leave to amend those claims would be futile.

5. Defendants' respective motions to dismiss, (Docs. 21, 23), are **DENIED** to the extent they seek dismissal of Plaintiffs' claims under 42 Pa. C.S.A. § 8351, et seq., see (Doc. 14, p. 6).

6. Defendants' respective motions to dismiss, (Docs. 21, 23), are **GRANTED** to the extent they seek dismissal of Plaintiffs' claims brought under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. ("UTPCPL"), see (Doc. 14, pp. 6-8).

7. Plaintiffs' claims brought under the UTPCPL, see (Doc. 14, pp. 6-8), are **DISMISSED with prejudice** because leave to amend these claims would be futile.

8. To the extent that Udren seeks to dismiss Plaintiffs' claim filed pursuant to Pennsylvania's Fair Credit Extension Uniformity Act, 73 PA. CON. STAT. ANN. § 2270.1 et seq., ("FCEUA"), see (Doc. 22, p. 13), Udren's motion to dismiss will be **DISMISSED** as **MOOT** because Plaintiffs have withdrawn their FCEUA claim. See (Doc. 14, pp. 6-8); (Doc. 27-1, p. 13).

9. Defendants must file their respective answers to the amended complaint, (Doc. 14), within fourteen (14) days from the date of this Memorandum and Order.

/s/  William J. Nealon
**United States District Judge**