IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER BAINBRIDGE** : | No. 16-CV-00411 |
| **AND KELLY BAINBRIDGE** : | (WJN) |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | |
| **OCWEN LOAN SERVICING, LLC,** : | |
| **Et al.** : | |

_____

UDREN LAW OFFICES, P.C.'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO AMEND "COMPLAINT"
_____

Plaintiffs' Motion to File a "Second" Amended Complaint should be dismissed as futile, prejudicial and in bad faith against Udren. Through their motion, Plaintiffs again seek leave to file a Second Amended Complaint; this time in a bizarre attempt to impose liability against Udren, a professional law firm, under theories of general negligence and negligent infliction of emotional distress concerning the alleged wrongful foreclosure of a property that Defendants did not occupy during any relevant time period and was vacant since approximately 2011, about three (3) years prior to the commencement of the subject mortgage foreclosure action. *See* pages 62-63 of Trial Transcript attached hereto as Exhibit "A". Plaintiffs confusingly seek amendment despite the Court's holding that Plaintiffs have pleaded a viable "Dragonetti" claim against Udren, which is predicated upon a legal/professional malpractice standard.

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be "freely give[n] when justice so requires." Among the grounds that justify a court's denial of leave to

amend are undue or unexplained delay, bad faith, dilatory motive prejudice and futility. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). Plaintiffs' baseless attempt to couch their claims, harm and damages relating to their "home" in the proposed Second Amended constitutes bad faith and would result in prejudice to Defendants as pleaded in the Second Amended Complaint. The property is simply not their "home" and their reference to the property as their "home" throughout the proposed pleading is erroneous and prejudicial. The claims of negligence and the negligent infliction of emotional defendants against Udren, a law firm, must fail as futile because it is well settled that a law firm does not owe a duty to an adversary in a lawsuit.

"Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In assessing "futility," the court applies the same standard of legal sufficiency as applied under Rule 12(b)(6). Id.; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Udren cannot be held liable for negligence or the negligent infliction of emotional distress since Plaintiffs were not Udren's client during the foreclosure and Udren owes no contractual or fiduciary duty to Plaintiffs. "In order to prevail on a cause of action in negligence under Pennsylvania Law, a plaintiff must establish: (1) a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. Morena v. South Hills Health Sys., 501 Pa. 634, 462 A.2d 680,

684 n. 5 (Pa.1983) (citing *Prosser, Law of Torts* § 30, at 143 (4th ed.1971)." Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir.1993). While the latter three elements of this negligence standard, breach of duty, causation and damages, are fact-bound determinations, the threshold issue of whether a duty of care is owed presents a question of law for the Court to determine. Id. In paragraph 55 of the proposed Second Amended Complaint, Plaintiffs seek to hold Udren, a law firm representing an adverse party in a lawsuit, liable for general negligence based on the unartfully contrived theory that "Defendant Udren owes plaintiffs a duty to exercise due care in verifying the accuracy of its client's accounting of the borrower's mortgage loan payments and refraining from foreclosing on a borrower's home without sound factual basis of a loan default having been so verified [sic]." Imposing such a duty on opposing counsel is not recognized under Pennsylvania authority.

The Superior Court of Pennsylvania squarely addressed whether a lawyer can be held liable for general negligence by a third party in Pelagatti v. Cohen, 370 Pa.Super. 422, 536 A.2d 1337, 1344 (Pa.Super.Ct.1987), *allocator denied,* 519 Pa. 667, 548 A.2d 256 (Pa.1988). The Court in Pelagatti reiterated the well-established privity rule that "an attorney will be held liable for negligence only to his client and not to anyone else." Id., at 442, citing Smith v. Griffiths, 327 Pa. Super. 418, 476 A.2d 22, 26 (1984); *See also* Mentzer v. Rey, Inc. v. Ferrari, 367 Pa. Super. 123, 532 A.2d 484 (1987). This is especially so since the proposed Second Amended Complaint is devoid of any allegations that Udren was motivated by malice for prosecuting a routine mortgage foreclosure action on behalf of a lender/service or based upon the commission of an intentional tort.

Since Udren, a law firm, lacked privity and had no recognized duty to Plaintiffs, no action in negligence may lie.

Similarly, Plaintiffs' claim against Udren for negligent infliction of emotional distress must fail. Under Pennsylvania law, the cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: (1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative. Toney v. Chester County Hosp., 961 A.2d 192, 197–98 (Pa.Super.Ct. 2008). Udren relies on co-defendants' opposition response filed contemporaneously herewith to address the defects concerning the latter three (3) elements. Plaintiffs claim against Udren again fails because it, as the adversarial law firm, owed no contractual or fiduciary to Plaintiffs in the mortgage foreclosure action or otherwise. Plaintiffs claim for negligent infliction of emotional distress claim is futile and the instant Motion should be denied.

- 5 -

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Motion to Amend.

August 8, 2017

**UDREN LAW OFFICES, P.C.**

/s/ David Neeren_____
David Neeren
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003
Tel (856) 669.5572
dneeren@udren.com

*Attorneys for Udren Law Office, P.C.*