## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHRISTOPHER BAINBRIDGE & KELLY BAINBRIDGE, INDIVID. & AS H/W, | : : : : | |
| Plaintiffs, | : : | No. 3:16-cv-00411-MEM (Hon. Malachy E. Mannion) |
| v. | : : | |
| U.S. BANK, N.A. as Trustee for the C-BASS Mortgage Loan Trust Asset-Backed Certificates, Series 2007-CB6, et al., | : : : : : | |
| Defendants. | : : | |

## BRIEF IN SUPPORT OF MOTION TO STRIKE
## PLAINTIFF'S "SUPPLEMENTAL" EXPERT REPORT

**GREENBERG TRAURIG, LLP**
Brian T. Feeney (Pa. I.D. No. 78574)
Gregory T. Sturges (Pa. I.D. No. 200992)
1717 Arch St., Suite 400
Philadelphia, PA 19103
(t) 215.988.7820  (f) 215.717.5238
feeneyb@gtlaw.com
sturgesg@gtlaw.com

*Attorneys for Defendants U.S. Bank
and Ocwen*

Dated: August 9, 2019

# **TABLE OF CONTENTS**

I.     BACKGROUND ............................................................................................1

II.    STATEMENT OF QUESTIONS INVOLVED ...........................................3

III.   ARGUMENT...............................................................................................3

     A.    The Court Should Strike the Report Because Plaintiffs Failed to
          Timely Disclose It and Thereby Prejudiced Defendants. ....................3

     B.    The Report Exceeds the Scope of Proper Supplementation
          Under Rule 26. .....................................................................................7

IV.    CONCLUSION...........................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Asbestos Prods. Liab. Litig.*,
  289 F.R.D. 424 (E.D. Pa. 2013)................................................................8

*Beller v. United States*,
  221 F.R.D. 696 (D.N.M. 2003)................................................................9

*Cochran v. Brinkmann Corp.*,
  No. 08-1790, 2009 U.S. Dist. LEXIS 114895
  (N.D. Ga. Dec. 9, 2009)................................................................9, 11

*Gallagher v. S. Source Packaging, LLC*,
  568 F. Supp. 2d 624 (E.D.N.C. 2008) ................................................11

*Keener v. United States*,
  181 F.R.D. 639 (D. Mont. 1998) ................................................8

*Lampe Berger USA, Inc. v. Scentier, Inc.*,
  No. 04-354, 2008 U.S. Dist. LEXIS 60648
  (M.D. La. Aug. 8, 2008) ................................................8

*Luke v. Family Care & Urgent Med. Clinics*,
  323 F. App'x 496 (9th Cir. 2009) ................................................8

*Minebea Co. v. Papst*,
  231 F.R.D. 3 (D.D.C. 2005)................................................................8

*Palmer v. Asarco*,
  No. 03-0498, 2007 U.S. Dist. LEXIS 56969
  (N.D. Okla. Aug. 3, 2007) ................................................11

*Perez v. Great Wolf Lodge of the Poconos LLC*,
  No. 12-01322, 2017 U.S. Dist. LEXIS 19251
  (M.D. Pa. Feb. 9, 2017) ................................................4, 5

*Plumley v. Mockett*,
  836 F. Supp. 2d 1053 (C.D. Cal. 2010) ................................................10

*Solaia Tech. LLC v. ArvinMeritor, Inc.*,
   361 F. Supp. 2d 797 (N.D. Ill. 2005)...................................................................12

*Trinity Indus. Inc. v. Greenlease Holding Co.*,
   173 F. Supp. 3d 108 (W.D. Pa. 2016)...................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 26 ................................................................*passim*

Federal Rule of Civil Procedure 30 .....................................................................7, 9

Federal Rule of Civil Procedure 37 ........................................................................4

6-26 *Moore's Federal Practice–Civil* § 26.131 (2016)............................................8

# TABLE OF EXHIBITS

**Exhibit**

Report of Mark S. Pearlstein (April 29, 2019) ..........................................................A

"Supplemental" Report of Mark S. Pearlstein (Aug. 2, 2019) .................................B

*Perez v. Great Wolf Lodge of the Poconos LLC*, No. 12-01322,
2017 U.S. Dist. LEXIS 19251 (M.D. Pa. Feb. 9, 2017)......................................C

*Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354,
2008 U.S. Dist. LEXIS 60648 (M.D. La. Aug. 8, 2008)....................................D

*Cochran v. Brinkmann Corp.*, No. 08-1790, 2009 U.S. Dist. LEXIS
114895 (N.D. Ga. Dec. 9, 2009)..........................................................................E

Deposition of Mark S. Pearlstein (July 10, 2019)...................................................F

*Palmer v. Asarco*, No. 03-0498, 2007 U.S. Dist. LEXIS 56969
(N.D. Okla. Aug. 3, 2007) ..................................................................................G

Defendants U.S. Bank, N.A., as Trustee for the C-BASS Mortgage Loan Trust Asset-Backed Certificates, Series 2007-CB6 ("U.S. Bank"), and Ocwen Loan Servicing, LLC ("Ocwen") (together, "Defendants"), submit this brief in support of their motion to strike Mark S. Pearlstein's August 2, 2019 "supplemental" expert report. The report is untimely and, in any event, is not proper supplementation under Federal Rule of Civil Procedure 26.

## I.   <u>BACKGROUND</u>

On January 30, 2019, the Court set deadlines for fact and expert discovery, among other things. The Court ordered that "[a]ll expert discovery, if any, shall be completed by June 26, 2019." Dkt. 82. The Court also set deadlines for the component parts of that discovery: plaintiffs were to disclose their expert reports by April 29, 2019; defendants were to disclose their expert reports by May 29, 2019; and supplemental disclosures were to be exchanged by June 12, 2019. *Id.*

The parties stipulated to further extensions of the fact discovery deadline but not to extensions of the expert report deadlines. *See* Mar. 26, 2019 Order, Dkt. 87 (stipulating to extension of fact discovery deadline but providing that "[a]ll other deadlines shall remain as stated in the Court's January 29, 2019 Order"); April 5, 2019 Order, Dkt. 90 (same). The deadlines for exchanging expert reports, and for supplementing them, came and went. Plaintiffs disclosed an expert report by Mark S. Pearlstein on April 29, 2019, in accordance with the January 30, 2019 Order.

Report of Mark S. Pearlstein (April 29, 2019) (the "Original Report"), attached hereto as **Exhibit A**. Defendants thereafter timely served their own expert report, but plaintiffs did not make a supplemental disclosure, as they could have under the January 30, 2019 Order.

On July 8, 2019, the Court approved the parties' final discovery stipulation, which extended the deadline for expert discovery solely to accommodate expert depositions. Dkt. 94. The stipulation provided that, by that time, the parties "had completed fact depositions in this matter and [had] exchanged their reports," but were "still completing expert depositions" and needed a brief extension to "complete expert discovery." Dkt. 94. The stipulation did not reference or extend deadlines set by the January 30, 2019 Order for the exchange of expert and supplemental reports because parties had already produced them (or at least had the opportunity to produce them) by those deadlines, and provided simply that "[a]ll expert discovery shall be completed by August 2, 2019." *Id.* Defendants deposed Mr. Pearlstein about the Original Report on July 10, 2019, accordingly.

Even though the deadline for plaintiffs to disclose expert and supplemental reports had long since expired—as they expressly stipulated in extending only the deadline for expert depositions—plaintiffs served on August 2, 2019, an alleged supplemental report by Mr. Pearlstein. *See* "Supplemental" Report of Mark S. Pearlstein (Aug. 2, 2019) (the "Report"), attached hereto as **Exhibit B**.

The Report is untimely, improper, and prejudicial supplementation, so Defendants now move to strike it.

## II.   <u>STATEMENT OF QUESTIONS INVOLVED</u>

1.     Should the Court strike the Report because plaintiffs served it after the deadlines for exchanging expert reports and for supplementing them and after Defendants deposed plaintiffs' expert, thereby prejudicing Defendants?

*Answer: Yes*

2.     Should the Court strike the Report because it improperly relies on materials available to Mr. Pearlstein at the time he submitted the Original Report, asserts arguments that Mr. Pearlstein could have made in the Original Report, and is, in effect, an entirely new report designed to bolster plaintiffs' case, thus outside the scope of proper supplementation under Rule 26?

*Answer: Yes*

## III.   <u>ARGUMENT</u>

### A.   **The Court Should Strike the Report Because Plaintiffs Failed to Timely Disclose It and Thereby Prejudiced Defendants.**

Plaintiffs indisputably failed to timely serve the Report. Rule 26(a)(2) governs the disclosure of expert testimony and provides that a party "must make" disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "The purpose of the requirement to disclose expert reports in advance of trial is to provide the opposing party with a 'reasonable opportunity to prepare

for effective cross examination and perhaps arrange for expert testimony of other witnesses.'" *Trinity Indus. Inc. v. Greenlease Holding Co.*, 173 F. Supp. 3d 108, 222 (W.D. Pa. 2016) (quoting Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment).

As the Court ordered, the deadline for plaintiffs to serve their expert reports was April 29, 2019, and they served one. Dkt. 82. The deadline for plaintiffs to make a supplemental disclosure was June 12, 2019, and they elected not to serve one. *Id.* Plaintiffs expressly acknowledged that the parties' exchange of expert reports was complete in the July 8, 2019 Order, in which they stipulated to that very fact. Dkt. 94. The Report, served over three months after the deadline for disclosing expert reports and nearly two months after the deadline for supplementing them, was untimely under the Court's discovery Orders.

The Court, then, must exclude the Report unless plaintiffs' failure to timely disclose it was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). That is their burden to show. *Perez v. Great Wolf Lodge of the Poconos LLC*, No. 12-01322, 2017 U.S. Dist. LEXIS 19251, at *10 (M.D. Pa. Feb. 9, 2017), attached hereto as **Exhibit C**. The Report offers no justification for its untimely disclosure and states merely that it was prompted by plaintiffs' counsel's asking Mr. Pearlstein "to supplement [his] initial report . . . regarding certain aspects of that report and after [his] review of additional documents." Report, Ex. B, at 1. Because plain-

tiffs have not even attempted to meet their burden of showing substantial justification or harmlessness, the Court should exclude the Report.

Even if they had offered a reason, though, the Court would still be warranted in excluding the Report. In making that assessment, the Court must consider "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." *Perez*, 2017 U.S. Dist. LEXIS 19251, at *13–14. "The Court must also consider the importance of the evidence in question." *Id.* at *14. These factors weigh in favor of exclusion.

Plaintiffs' untimely production of the Report both surprised and prejudiced Defendants. In the parties' final discovery stipulation, which the Court entered as an Order on July 8, 2019, plaintiffs themselves stated that the parties had completed their exchange of expert and supplemental reports. Indeed, in his July 10, 2019 deposition, Mr. Pearlstein testified that he had expressed all his opinions in the Original Report and his deposition and had nothing further to add. *See* Excerpts from Tr. of Pearlstein Dep. (July 10, 2019) ("Pearlstein Dep."), attached hereto as **Exhibit F**, at 198:3–13 (Q: "Have you told me all the opinions you hold in this matter? A: "I believe so." Q: "Have we talked about all the bases for those opin-

ions?" A: "I believe so." Q: "Do you feel you had a chance to state your opinions or conclusions during the deposition?" A: "Yes." Q: "Anything you would like to add?" A: "No."). Defendants therefore had no reason to believe that plaintiffs would later produce another report.

But they did, on the *very last* day of expert discovery, which was extended to August 2, 2019, solely to allow the parties to complete expert depositions and which was, of course, long after the deadlines for serving expert reports and long after Defendants deposed Mr. Pearlstein about his Original Report. Having received the Report on the last day of expert discovery (and after the deadlines for exchanging expert reports) and having already deposed Mr. Pearlstein, Defendants now have no ability to respond to or question it without disrupting the pre-trial schedule, which has already been extended many times.

Plaintiffs' failure to comply was also knowing and willful. In stipulating to an extension of time to complete expert depositions, plaintiffs told the Court and Defendants that they had completed their exchange of expert reports, only to turn around produce another report after the deadline. The Report is not based on new information or an intervening event, but rather exclusively on materials available to Mr. Pearlstein when he submitted the Original Report. Plaintiffs thus consciously chose to submit the Report when they did, in violation of their own representations and the Court's scheduling Orders.

Finally, the Report can hardly be characterized as critical to plaintiffs' case. It consists largely (and improperly, as argued below) of Mr. Pearlstein's attempting to rehabilitate his own deposition testimony and Original Report and his critiquing the deposition testimony of Ocwen's Rule 30(b)(6), which was available to him for weeks before he submitted the Original Report but which he admittedly ignored. The Report does not even ostensibly address any issue new or vital to plaintiffs, and excluding it will not leave them unable to prosecute their case.

The Court should exclude Mr. Pearlstein's untimely and prejudicial report.

## B. The Report Exceeds the Scope of Proper Supplementation Under Rule 26.

Even if the Report were timely, the Court should still strike it as improper supplementation under Rule 26.

Rule 26(a) requires a party with an expert to timely disclose, among other things, "a *complete* statement of *all* opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). Rule 26(e), in turn, requires a party to supplement a disclosure, including an expert report, when "the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

"Rule 26(e) creates a 'duty to supplement,' not a right." *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). "Supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report *based on information that was not available at the time of the initial disclosure*." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (emphasis added); *see also, e.g.*, *Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04-354, 2008 U.S. Dist. LEXIS 60648, at *6 (M.D. La. Aug. 8, 2008) ("Courts have routinely rejected untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures."), attached hereto as **Exhibit D**; 6-26 *Moore's Federal Practice–Civil* § 26.131 (2016) ("A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report . . . .").

Given that narrow purpose, Rule 26(e) is not "an avenue to correct failures of omission because the expert did an inadequate or incomplete preparation, add new opinions, or deepen or strengthen existing opinions." *In re Asbestos Prods. Liab. Litig.*, 289 F.R.D. 424, 425 (E.D. Pa. 2013) (citations and quotation marks omitted). It does "not permit parties to file supplemental reports whenever they believe such reports would be desirable or necessary to their case." *Minebea Co. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005) (quotation marks omitted). And it is not "a device to allow a party's expert to engage in additional work, or to annul opinions

or offer new ones to perfect a litigating strategy." *Cochran v. Brinkmann Corp.*, No. 08-1790, 2009 U.S. Dist. LEXIS 114895, at *15 (N.D. Ga. Dec. 9, 2009), attached hereto as **Exhibit E**; *see also, e.g.*, *Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003) ("Although Fed. R. Civ. P. 26(e) requires a party to 'supplement or correct' disclosure *upon information later acquired*, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report . . . .") (emphasis added).

Mr. Pearlstein's supplemental report violates every one of these principles. The Report initially consists of extended quotes from Mr. Pearlstein's own deposition testimony and Original Report, and attempts to rehabilitate what he recognizes are deficiencies in both. Report, Ex. B, at 1–3. Beyond that, and most critically for this motion, the Report is based *exclusively* on evidence that Mr. Pearlstein inexplicably ignored in his Original Report: the deposition of Ocwen's Rule 30(b)(6) witness, Kevin Flannigan, which took place on April 4, 2019, nearly one month *before* Mr. Pearlstein submitted the Original Report on April 29, 2019, and certain exhibits to that deposition. *Id.* at 1, 3–11.

Mr. Pearlstein admitted in his deposition that he *never reviewed* Mr. Flannigan's deposition testimony or its exhibits, despite their being available to him before he submitted the Original Report, or any documents from Ocwen—a glaring deficiency in Mr. Pearlstein's original analysis that plaintiffs' counsel apparently

9

asked Mr. Pearlstein to correct in the Report. Pearlstein Dep., Ex. F, at 153:24–154:11 (Q: "Have you reviewed any documents at all from Ocwen in this case?" A: "I don't believe so." Q: "You didn't review Ocwen's Rule 30B6 witness testimony?" A: "If I didn't review anything from Ocwen, I didn't review it. . . ." Q: "So you also did not review any of the exhibits to Ocwen's Rule 30B6, Ocwen's and U.S. Bank['s] Rule 30B6 witness testimony?" A: "No."). The other materials that Mr. Pearlstein purports to analyze in the Report are likewise nothing new: the Court's own March 30, 2017 Order on Defendants' motion to dismiss and Defendants' April 5, 2019 request to amend their response to one of plaintiffs' requests for admission, both documents of record that predate the Original Report. Dkts. 36 & 89; Report, Ex. B, at 11–15.

The Report is therefore improper. It relies solely on information available to Mr. Pearlstein before he submitted the Original Report and which he could have analyzed in the Original Report. It does not rely in any respect on later-acquired information and is effectively and wrongly a new original report intended to bolster plaintiffs' case. *See, e.g.*, *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1064 (C.D. Cal. 2010) ("[The expert's] 'supplemental' report . . . provides a new opinion that is designed to strengthen Defendants' legal argument for inequitable conduct, and as a result is not a proper supplement under Rule 26(e).").

As noted, the Report does not even feign a proper excuse for supplementing the Original Report but rather states only that plaintiffs' counsel asked Mr. Pearlstein "to supplement [his] initial report . . . regarding certain aspects of that report and after [his] review of additional documents"—prompted seemingly by his damaging deposition testimony, in which he admitted to failing to review countless pertinent materials, including those underlying the Report. Report, Ex. B, at 1. But the fact that plaintiffs' counsel wanted new expert opinion about materials that Mr. Pearlstein failed to analyze in the Original Report is not a valid reason to supplement. *See, e.g.*, *Palmer v. Asarco*, No. 03-0498, 2007 U.S. Dist. LEXIS 56969, at *16 (N.D. Okla. Aug. 3, 2007) ("Plaintiffs can not reasonably claim that [the expert's] new affidavit is a supplement simply because plaintiffs asked him to expand the scope of his expert testimony. [The expert] could have performed the same modeling in a timely fashion. . . ."), attached hereto as **Exhibit G**.

Rule 26(e) does not permit tactical use of supplemental reports. *Cochran*, 2009 U.S. Dist. LEXIS 114895, at *15 (supplementation may not be used to "perfect a litigating strategy"). "Courts distinguish 'true supplementation' (*e.g.*, correcting inadvertent errors or omissions) from gamesmanship," and parties may not strengthen legal arguments or otherwise avert unfavorable rulings "by 'supplementing' an expert report with a 'new and improved' expert report." *Gallagher v. S. Source Packaging*, LLC, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) (citing,

among other cases, *Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 806 (N.D. Ill. 2005) ("It would appear that [the expert's] much expanded opinion was prompted solely by [the defendant's] summary judgment motion. . . . This is not the proper role for supplementation of a report by an expert."). That is nonetheless precisely what plaintiffs are attempting to do by the Report.

In sum, the Report does not fall within any permissible bound of Rule 26(e), and it is consequently nothing more than a new—and untimely—expert report that the Court should strike.

## IV.   **CONCLUSION**

The Court should grant Defendants' motion and strike the Report.

Respectfully submitted,

Dated: August 9, 2019          **GREENBERG TRAURIG, LLP**

s/ Gregory T. Sturges
Brian T. Feeney (Pa. I.D. No. 78574)
Gregory T. Sturges (Pa. I.D. No. 200992)
1717 Arch St., Suite 400
Philadelphia, PA 19103
(t) 215.988.7820  (f) 215.717.5238
feeneyb@gtlaw.com
sturgesg@gtlaw.com

*Attorneys for Defendants U.S. Bank and Ocwen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CHRISTOPHER BAINBRIDGE & KELLY BAINBRIDGE, INDIVID. & AS H/W, | : : : : : | |
| Plaintiffs, | : : | No. 3:16-cv-00411-MEM (Hon. Malachy E. Mannion) |
| v. | : : | |
| U.S. BANK, N.A. as Trustee for the C-BASS Mortgage Loan Trust Asset-Backed Certificates, Series 2007-CB6, et al., | : : : : : | |
| Defendants. | : : | |

## <u>CERTIFICATE OF WORD COUNT</u>

In accordance with Local Rule 7.8(b), I, Gregory T. Sturges, certify that U.S. Bank and Ocwen's Brief in Support of the Motion to Strike Plaintiff's "Supplemental" Expert Report contains 2,767 words, as counted by the word count feature of Microsoft Word, which was used to prepare the brief.


s/ Gregory T. Sturges

Gregory T. Sturges (Pa. I.D. No. 200992)

*Attorneys for Defendants U.S. Bank and Ocwen*