**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER BAINBRIDGE & KELLY BAINBRIDGE, INDIVID. & AS H/W, | : : : : : | |
| Plaintiffs, | : : | No. 3:16-cv-00411-MEM (Hon. Malachy E. Mannion) |
| v. | : : | |
| U.S. BANK, N.A. as Trustee for the C-BASS Mortgage Loan Trust Asset-Backed Certificates, Series 2007-CB6, et al., | : : : : : | |
| Defendants. | : : | |

## DEFENDANTS U.S. BANK AND OCWEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### I.   INTRODUCTION

To support their claim for partial summary judgment against defendants U.S. Bank, N.A., as Trustee for the C-BASS Mortgage Loan Trust Asset-Backed Certificates, Series 2007-CB6 ("U.S. Bank"), and Ocwen Loan Servicing, LLC ("Ocwen") (together, "Defendants"), Plaintiffs bear the burden of showing that each element of their Dragonetti Act claim is supported by undisputed material

fact. Because Plaintiffs cannot meet this burden with respect to two of the three elements of their claim,[1] they are not entitled to summary judgment.

First, Defendants had probable cause to initiate the Foreclosure Action, and the Foreclosure Action was not prosecuted in a grossly negligent manner. The Bainbridges indisputably made incomplete payments and missed entire payments on their mortgage loan during the relevant period, and they were—in the words of Plaintiffs' purported legal expert—more than two years delinquent on their mortgage. Regardless of the result of the Foreclosure Action, its filing was supported by probable cause.

Second, Plaintiffs cannot demonstrate that Defendants brought the Foreclosure Action for an improper purpose. Plaintiffs repeatedly concede this point in their papers. They say the improper purpose in filing the Foreclosure Action was "to collect monies which were not owed to Defendants." Dkt. No. 99 at 9. This is Plaintiffs' sole theory; they have never articulated any other alleged improper purpose. Of course, "to collect money" is the rightful purpose of foreclosure, *i.e.*, to sell an asset at sheriff's sale to recover a delinquent debt. Whether anything was actually "owed to Defendants" is no matter: the purpose, as stated plainly in Plaintiffs' own legal papers, was to recoup the mortgage loan, not anything else. Plain-

---

[1]     Defendants do not dispute that Plaintiffs satisfy the last element of their Dragonetti Act claim, that the underlying "proceedings have terminated in favor of the person against whom they are brought." 42 Pa. C.S. § 8351(a)(2).

tiffs do not cite a single case in which any court has accepted the extreme and novel theory presented in their papers. If Plaintiffs are right, every time a plaintiff loses a breach of contract suit, a Dragonetti Act case will not only lie, but *lie as a matter of law*. Surely if this were correct, Plaintiffs could find a decision that suggested as much. They have not. Nonetheless, they ask this Court to accept their unprecedented assertions and grant them judgment as a matter of law.

Plaintiffs also badly misinterpret the case law stating that a *jury* may infer from *evidence* that a Dragonetti Act defendant brought the underlying suit for an improper purpose. These cases hold that the defendant need not openly admit that he filed suit for the wrong reasons. Instead, when the suit is filed for an improper purpose, it is enough that there be some evidence from which the factfinder might infer improper purpose: for example, that the parties to the underlying litigation were feuding neighbors or fierce business competitors. The record here supports no such inference. There was no other relationship between the parties other than that of borrower and lender or of borrower and servicer.

Indeed, Plaintiffs have adduced no evidence on this point whatsoever—their sole argument is that the Court should make an inference in their favor on summary judgment. Plaintiffs, though, are movants, and granting an inference in their favor at this stage inverts black letter summary judgment law. Most of all, Plaintiffs ignore the undisputed evidence presented in Defendants' summary judgment

motion showing the Foreclosure Action was filed for the sole purpose of foreclos-ing. ***Every witness in this action testified as much.*** Plaintiffs have no evidence to the contrary, and cannot withstand Defendants' motion for summary judgment.

For the reasons set forth below, and those set forth in Defendants' Memo-randum of Law in Support of Summary Judgment (Dkt. No. 97), incorporated herein by reference, the Court should deny Plaintiffs' motion for summary judg-ment and, instead, grant summary judgment in favor of defendants.

## II.   <u>ARGUMENT</u>

### 1.   <u>Plaintiffs Bear the Burden of Proving the Elements of Their Claim.</u>

A "cause of action for wrongful use of civil proceedings requires a plaintiff to allege and prove . . . three elements." *Kelly-Springfield Tire Co. v. D'Ambro*, 408 Pa. Super. 301, 305, 596 A.2d 867, 869 (1991). Thus, the burden is on plain-tiffs to show that (1) they prevailed in the underlying action, (2) that defendants acted in a grossly negligent manner or without probable cause in pursuing the Foreclosure Action, and (3) that defendants had an improper purpose in doing so. 42 Pa. C.S. § 8354. "To recover, [] the plaintiffs must prove each and every ele-ment of the tort by a preponderance of the evidence." *Mi-Lor, Inc. v. DiPentino*, 654 A.2d 1156, 1158 (Pa. Super. 1995). To succeed on their instant motion for summary judgment, therefore, plaintiffs must show "that there is no genuine dis-pute as to any material fact" and that they are "entitled to judgment as a matter of

law" on *each element* of their claim. Fed. R. Civ. P. 56(a). Plaintiffs cannot meet this burden.

### 2.    Defendants Filed the Foreclosure Action With Probable Cause.

Plaintiffs fail to dispute adequately the fact that the Foreclosure Action was initiated based on probable cause. Instead, they simply assert that probable cause did not exist because "Ocwen artificially created the default by its grotesquely in-accurate accounting." Dkt. No. 99 at 8. This conclusory statement cannot support Plaintiffs' claim. Nor do Plaintiffs challenge several factual bases for the Foreclosure Action. Probable cause exists if, when initiating the Foreclosure Action, defendants "reasonably believe[d] in the existence of the facts upon which the claim [was] based, and [] [r]easonably believe[d] that under those facts the claim may [have been] valid under the existing or developing law." 42 Pa. C.S. § 8352(1). Plaintiffs admit the following facts:

- The Bainbridges shorted two payments on their mortgage, in December 2010 and January 2011.

- The Bainbridges never made their monthly payment for December 2011 and in subsequent months, and they made 36 payments in the 37-month period prior to the time when their payments were rejected, rather than the required 37.

- Even Mr. Pearlstein, Plaintiffs' purported legal expert, testified that Plaintiffs were delinquent on their mortgage for over two years.

- The Bainbridges' 30-year Adjustable Rate Note says, "If I do not pay the full amount of each monthly payment on the date it is due, I shall be in default."

Based on these undisputed facts, Defendants had probable cause under existing law to initiate the Foreclosure Action against the Bainbridges. Indeed, at the time they initiated the Foreclosure Action, the Bainbridges were in default under the terms of the mortgage. Act 91, as Plaintiffs allude to, requires that a notice be sent prior to initiating a foreclosure action if: ". . . the homeowner is at least 60 days contractually delinquent in his mortgage payments *or is in violation of other provisions of the mortgage.*" 12 Pa. Code § 31.203(a)(7) (emphasis added). Because Plaintiffs were both delinquent in their mortgage payments (for over 60 days, as Plaintiffs' expert admitted) and in default under an express term of the mortgage loan, probable cause existed for the Foreclosure Action.

Many of the "facts" cited in Plaintiffs' papers are mischaracterizations of the testimony. For example, Plaintiffs seem to hinge their request for judgement as a matter of law on the inability of Ocwen's witness to give opposing counsel a restatement quote for the Plaintiffs' mortgage loan during deposition. Dkt. No. 99 at 7. Plaintiffs did not request such a quote prior to the deposition, and have expressed no interest in paying their mortgage on a property they still hold (and on which they have made no payments since 2014). What matters is that the mortgage was delinquent at the time foreclosure was filed. The payment records show that

without doubt, and Plaintiffs' expert admitted it as well. The loan documents could not be clearer on the question either. Any failure to pay is a default.

Plaintiffs alternatively claim that Defendants were grossly negligent in filing the Foreclosure Action, but they point to no want of care or diligence to support this claim. Instead, they seek to conflate Defendants' lack of success in this underlying action with gross negligence. But, of course, Plaintiffs' prevailing in the underlying action is a separate element of their claim; without more, it cannot be grounds for finding gross negligence, lest every unsuccessful plaintiff be subsequently subject to a claim under the Dragonetti Act.

### 3.   The Undisputed Evidence Demonstrates That the Foreclosure Action Was Brought to Foreclose, Not for Any Other Purpose.

*a.   Throughout This Litigation, Plaintiffs Have Never Articulated an Alleged Improper Primary Purpose for the Foreclosure Action.*

The parties agree that Defendants initiated the Foreclosure Action to foreclose on Plaintiffs' property and recover what Defendants alleged was owed on the mortgage loan. In their motion for summary judgment, Plaintiffs still do not contest this: "The improper purpose of Defendants filing the foreclosure action was to collect monies which were not owed to Defendants." Dkt. No. 99 at 9. But "collecting monies" in the Foreclosure Action was exactly the "adjudication of the claim in which the proceedings are based" Defendants sought. 42 Pa. C.S. §

8351(a)(1). The only proper purpose of a foreclosure suit is to sell a property to re-coup a debt the mortgagee claims the property secures.

Plaintiffs fail to allege a non-adjudicatory purpose whatsoever that motivat-ed defendants in the Foreclosure Action, let alone a *primary* non-adjudicatory pur-pose. The primary purpose of the Foreclosure Action was not, for example—and Plaintiffs do not allege it was—to "extract an unwarranted settlement from" plain-tiffs, *see Shaffer v. Stewart*, A.2d 1017, 1021 (Pa. Super. Ct. 1984); to "prevent [plaintiffs] from exercising their rights under the First Amendment," *see Bannar v. Miller*, 701 A.2d 242, 249 (Pa. Super. Ct. 1997); or "to harass or maliciously injure [plaintiffs], and unnecessarily to delay and increase the cost of litigation." *See Gentzler v. Atlee*, 660 A.2d 1378, 1385 (Pa. Super. Ct. 1995).

Neither Ocwen nor U.S. Bank had a personal relationship with Plaintiffs, nor were they business competitors, and no motive for the Foreclosure Action has been suggested (aside from adjudication of the Foreclosure Action). Because Plaintiffs have failed to articulate an improper purpose underlying the Foreclosure Action, let alone adduce any evidence in support of that unidentified improper purpose, their Dragonetti Act claim is unsupported. *See, e.g. Schwartz v. OneWest Bank, FSB*, 614 Fed. App'x 80, 83–84 (3d Cir. June 5, 2015) (finding allegations that foreclosure action was pursued for an improper purpose unsupported, "even if the foreclosure action was based on incorrect facts," because its purpose was to fore-

8

close on property in question); *Joseph v. Wells Fargo Bank, N.A.*, No. 13-003128, 2014 WL 2921106, at *2 (C.P. Allegheny Apr. 11, 2014) (Wettick, J.) (sustaining preliminary objections to Dragonetti Act claim where no "purpose other than se-curing adjudication of the claim" was identified in underlying dismissed foreclo-sure action) (attached at Dkt. No. 97-6).

  b.   *No Reasonable Fact Finder Could Infer Improper Purpose*
       *From the Record.*

Even if the Court agrees with Plaintiffs that Defendants filed the Foreclosure Action without probable cause, that should not mean that Plaintiffs automatically prevail, prior to trial, on their Dragonetti Act claim. Plaintiffs rely on cases in which Dragonetti Act plaintiffs tried to avoid a pre-trial dismissal by arguing that the fact finder should be permitted to infer—typically from evidence or allegations that the parties had other dealings—that the underlying action was filed primarily for an improper purpose. *See, e.g. Peek v. Whittaker*, No. 2:13-CV-01188, 2014 WL 2154965, at *6 (W.D. Pa. May 22, 2014) (on motion to dismiss, "recognizing suppression of competition as an improper purpose" and "taking all the facts al-leged in the AC as true, the Court concludes that it establishes a plausible basis for a violation of the Dragonetti Act"); *Logan v. Salem Baptist Church of Jenkintown*, No. 10-CV-0144, 2010 WL 3364203, at *8 (E.D. Pa. Aug. 17, 2010) (inference of improper purpose sufficient to survive motion to dismiss, particularly because un-derlying action was allegedly "done for the purpose of forcing a settlement in an

unrelated case"); *Perelman v. Perelman*, 125 A.3d 1259, 1272 (Pa. Super. Ct. 2015) (demurrer overruled based on inference of improper purpose).

In addition, as alluded to in section 3(a), *supra,* the Pennsylvania Supreme Court has held, in related abuse of process claims, that there should be some prior relationship between the parties before the fact finder may infer an ill motive or improper purpose:

> It is highly significant that no attempt is made to show malice except by inference because of alleged lack of probable cause. It is true that such an inference of the existence of malice is permissible, but it has rarely been sufficient unaided by some showing of private motive.

*Miller v. Pennsylvania R. Co.*, 371 Pa. 308, 316, 89 A.2d 809, 813 (1952). The Pennsylvania Supreme Court gave examples of the kinds of relationships that could allow such an inference: "a dispute between neighboring owners of rival business establishments, a dispute between employer and employee, [or …] an attempt to compel collection of a debt through use of criminal process." *Id.* (internal citations omitted). The case law is replete with similar examples. *See also Gentzler, supra* (inference of "improper purpose" supported in cases involving two parties with prior negative dealings because "Gentzler alleged facts of improper purpose, namely to harass or maliciously injure Gentzler, and unnecessarily to delay and increase the cost of litigation."). Because Plaintiffs agree that the only purpose of the Foreclosure Action was to foreclose, *i.e.* the proper adjudicatory purpose, and that there was no other relationship between Plaintiffs and Defendants

unrelated to the mortgage at issue, an inference of improper purpose cannot be supported here.

It is not enough, though, that Plaintiffs' motion be denied. Defendants' motion for summary judgment should be granted. ***Every witness in this case testified that Defendants filed the Foreclosure Action to foreclose.*** Plaintiffs have made no effort to grapple with this uncontradicted testimony. In the face of such undisputed evidence, no reasonable fact finder could possibly find in favor of Plaintiffs on their Dragonetti Act claim.

### 4. <u>Plaintiffs Cannot Rely on Their Expert Report.</u>

Plaintiffs allege that their arguments for summary judgment are supported by the expert report and supplemental report of Mark Pearlstein, Plaintiffs' purported legal expert. For the reasons set forth in Defendants' motion to exclude Mr. Pearlstein's testimony, Dkt. No. 102, incorporated as set forth herein, Mr. Pearlstein is unqualified, his opinion is unsupported, and it would be unhelpful to the Court; therefore, his report should not be considered.

In short, Plaintiffs fail to establish the admissibility of Mr. Pearlstein's testimony "by a preponderance of the evidence," as they must do. *See Wonderland Nurserygoods Co. v. Thorley Indus. LLC*, No. 13-00387, 2015 U.S. Dist. LEXIS 110935, at *10 (W.D. Pa. Aug. 21, 2015), attached hereto as **Exhibit 10**. Mr. Pearlstein is not qualified to testify as an expert in this case, as he has very little

professional experience with the Dragonetti Act and no familiarity with the mortgage loan serving industry or its practices. Perhaps more concerning, his opinions and methodology are not reliable: he failed to review the basic documents underlying the claims and defenses at issue in this litigation and the underlying Foreclosure Action, and his conclusions are therefore not based upon or supported by facts. The Third Circuit has held that "the reliability analysis required by *Daubert* applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, and the link between the facts and the conclusion." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 291 (3d Cir. 2012). Mr. Pearlstein's testimony "b[ears] insufficient indicia of reliability to be submitted to a jury." *Id.* Finally, Mr. Pearlstein seeks to usurp the role of the Court, in putting forth legal conclusions couched as opinion. "[E]xpert testimony which 'merely tells the jury what result to reach,' is improper. Fed. R. Evid. 704 advisory committee's note." *Burger v. Mays*, 176 F.R.D. 153, 156–57 (E.D. Pa. 1997).

Because Mr. Pearlstein's expert opinion is unfounded, does not consider the facts of record, and seeks to present legal determinations to the Court in support of Plaintiffs' arguments, it should be excluded from the Court's consideration.

III.   **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court deny Plaintiff's motion for summary judgment and, instead, enter summary judgment in favor of Defendants and dismiss Plaintiffs' claims in their entirety with prejudice.

<div style="margin-left:40%">

Respectfully submitted,

</div>

Dated: August 30, 2019              **GREENBERG TRAURIG, LLP**

<div style="margin-left:40%">

s/ Gregory T. Sturges
Brian T. Feeney (Pa. I.D. No. 78574)
Gregory T. Sturges (Pa. I.D. No. 200992)
1717 Arch St., Suite 400
Philadelphia, PA 19103
(t) 215.988.7820  (f) 215.717.5238
feeneyb@gtlaw.com
sturgesg@gtlaw.com

*Attorneys for Defendants U.S. Bank
and Ocwen*

</div>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| CHRISTOPHER BAINBRIDGE & | : | |
| KELLY BAINBRIDGE, INDIVID. & | : | |
| AS H/W, | : | |
| | : | |
| Plaintiffs, | : | No. 3:16-cv-00411-MEM |
| | : | (Hon. Malachy E. Mannion) |
| v. | : | |
| | : | |
| U.S. BANK, N.A. as Trustee for the | : | |
| C-BASS Mortgage Loan Trust Asset- | : | |
| Backed Certificates, Series 2007- | : | |
| CB6, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory T. Sturges, certify that on August 30, 2019, I caused true and correct copies of U.S. Bank and Ocwen's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment to be served on all counsel of record by CM/ECF.

*/s/ Gregory T. Sturges*

Gregory T. Sturges (Pa. I.D. No. 200992)

*Attorney for Defendants U.S. Bank*
*and Ocwen*