**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER BAINBRIDGE & KELLY BAINBRIDGE, Individually and as His Wife, | : : : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:16-411 |
| v. | : | (JUDGE MANNION) |
| U.S. BANK, N.A. as Trustee for the C-BASS Mortgage Loan Trust Asset-Backed Certificates, Series 2007-CB6, et al., | : : : : | |
| Defendants | : | |
| | : | |

**MEMORANDUM**

Pending before the court is defendants' motion to exclude the opinion testimony of plaintiffs' expert, Mark S. Pearlstein, Esquire. (Doc. 101). Based upon the court's review of the motion and related materials, defendants' motion to exclude will be **GRANTED**.

Plaintiffs have produced the report of Mr. Pearlstein providing his opinion concerning the Dragonetti Act[1] claim remaining in the above-captioned matter. Defendants challenge Mr. Pearlstein's report arguing: (1) Mr. Pearlstein is not qualified to offer an expert opinion in a Dragonetti Act

---

[1] See 42 Pa.C.S. §8351.

case involving a loan servicer; (2) Mr. Pearlstein's opinion is not reliable; and (3) Mr. Pearlstein's opinion will not assist the court. On these bases, defendants seek to exclude Mr. Pearlstein's report.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Whether or not to permit expert testimony on a particular issue is left to the discretion of the trial court. First Nat'l State Bank of New Jersey v. Reliance Elec. Co., 668 F.2d 725, 731 (3d Cir. 1981).

In seeking to have Mr. Pearlstein's report excluded, defendants initially argue that he is not qualified to offer an expert opinion in a Dragonetti Act case involving a loan servicer. Specifically, defendants argue that Mr. Pearlstein is a long-time general practitioner but has limited knowledge or experience with the Dragonetti Act. From 1985, Mr. Pearlstein had been counsel or partner in various law firms, and since 1995, he has been a solo practitioner. In the past 5 years, Mr. Pearlstein testified that he has devoted 15% to 18% of his practice to foreclosure defense work. He served as outside counsel to several financial services companies. He has never been

employed by a bank or loan servicing company other than as outside counsel and has never personally or professionally dealt with any loan servicing platforms. Mr. Pearlstein testified that he is not familiar with "comments logs," which are common documents used by financial services companies listing in chronological order all transactions and communications relating to a particular loan.

Mr. Pearlstein testified that he has served as an expert witness in about six cases: one was a divorce case involving the calculation of the net present value of a French pension in Euros, one was a Fair Debt Collection Practices Act ("FDCPA") case arising out of credit card debt, which he testified he thought had a Dragonetti aspect to it, three were foreclosure cases involving the calculation of a variable rate mortgage, and the final was a breach of contract case involving a revoked loan modification offer. Other than the case which Mr. Pearlstein thought had a Dragonetti aspect, he has only had active experience with the Dragonetti Act on two occasions: one when a former client sued him under the Dragonetti Act but ultimately withdrew the suit and the other from the 1980s or 1990s when a tire distributor he represented filed a Dragonetti suit after prevailing as a defendant in an underlying action. The latter case was lost at trial because an element of the Dragonetti claim was not met.

Defendants argue that Mr. Pearlstein's lack of experience is reflected in the fact that, in his report, Mr. Pearlstein identifies Ocwen's October 2015 bankruptcy filing as the basis for his legal opinion that defendants violated the Dragonetti Act. Upon being confronted with defendants' rebuttal expert, Patrick J. Best, Esq., who opined that this section of Mr. Pearlstein's report was legally flawed, Mr. Pearlstein withdrew this portion of his report testifying that he was "convinced by Mr. Best's case law that what happened in the Bankruptcy Court can only be handled by a Rule 11 or similar functions, but would not be appropriate under a Dragonetti [. . .]" Although the case law referred to by Mr. Pearlstein was published in 2006 and Mr. Pearlstein's report was prepared in 2019, Mr. Pearlstein testified that he was not aware of the case law at the time he wrote his report. In addition, Mr. Pearlstein agreed at his deposition that his opinion that Ocwen's October 2015 bankruptcy filing could give rise to a Dragonetti claim was flawed in that plaintiffs never prevailed in the bankruptcy court on this issue because the propriety of Ocwen's bankruptcy court filing was never litigated.

Applying Pennsylvania law[2], plaintiffs respond that defendants' argument that Mr. Pearlstein is not qualified to render an opinion regarding

---

[2] While plaintiffs discuss the Pennsylvania Rules of Evidence and related state case law, the court notes that the Federal Rules of Evidence apply here.

the Dragonetti Act is misguided because there is no such thing as a Dragonetti expert. Plaintiffs provide that Mr. Pearlstein's report reflects his opinion regarding the underlying case subject matter which caused the Dragonetti action to be brought. Specifically, plaintiffs argue that the focus of Mr. Pearlstein's report and opinion is the foreclosure action and accounting, or lack thereof, underlying the Dragonetti Act claim which his experience supports. Plaintiffs argue that Mr. Pearlstein has specialized knowledge of the foreclosure process and the accounting involved therewith. As such, plaintiffs argue the court should allow Mr. Pearlstein's report and testimony subject to cross-examination.

Contrary to plaintiffs' position that Mr. Pearlstein is not acting as a Dragonetti expert, it appears from Mr. Pearlstein's report that he is doing just that. Mr. Pearlstein begins his report by stating he was "requested by Plaintiffs' counsel to provide [his] opinion concerning the Dragonetti claim . . ." (Doc. 102-4, p. 1). He proceeds to set forth the facts he deems relevant to his discussion.[3] (Id., pp. 1-7). Mr. Pearlstein then spends 4½ pages of his

---

[3] In preparing his report, Mr. Pearlstein admittedly did not consider a plethora of evidence in the record in constructing the facts he deemed relevant. Although he later considered this evidence and attempted to submit a supplemental report, that report was ordered stricken by the court. (Doc. 113).

*(footnote continued on next page)*

report outlining his understanding of the law for establishing a claim under the Dragonetti Act.[4] (Id., pp. 8-12). After applying the facts he deemed relevant to his understanding of the law governing Dragonetti Act claims (Id., pp. 12-24), Mr. Pearlstein concludes his report by opining "U.S. Bank, at (sic) al. acted in violation of the Dragonetti Act." Thus, it appears from Mr. Pearlstein's report that, despite plaintiffs' claim to the contrary, he is attempting to act as a Dragonetti expert.

Even assuming Mr. Pearlstein were qualified to render an expert opinion in this case on the Dragonetti Act claim, defendants argue that Mr. Pearlstein's opinion would not assist the court because he is essentially providing testimony as to the governing law of the case. By doing so, defendants argue that Mr. Pearlstein is invading the province of the court and fact finder. Plaintiffs have provided no substantive response to this argument, but simply argue that, to the extent Mr. Pearlstein's testimony intrudes on the province of the judge or jury, the court may disregard or instruct the jury to disregard it.

---

[4] As indicated, at his deposition, Mr. Pearlstein withdrew the first portion of his report claiming that a pleading filed by Ocwen in bankruptcy court could give rise to a Dragonetti Act claim due to his unfamiliarity with controlling Pennsylvania case law.

*(footnote continued on next page)*

Although Fed.R.Evid. 704[5] allows an expert to give testimony that "embraces the ultimate issue to be decided by the trier of fact," United States v. Leo, 941 F.2d 181, 195-96 (3d Cir. 1991), [i]n considering whether to allow expert testimony, a district court must limit expert testimony so as to not allow the expert to offer opinion on "what the law required" or "testify as to the governing law," Coregis Ins. Co. v City of Harrisburg, 2005 WL 2990694 (M.D.Pa. Nov. 8, 2005) (citing United States v. Leo, 941 F.2d at 196-97). This is most important when the expert is offering testimony to a jury as the fact-finder. Id. at n.3. "In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." Id. (citing In re Initial Public Offering Lit., 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001) (internal quotations omitted) (collecting cases). See also Berckeley Inv. Group Ltd. v. Colkitt, 455 F.3d 195, 218 (3d Cir. 2016) (it is not permissible for an expert witness to testify as to the governing law or as to legal conclusions); Weinstein's Federal Evidence §702.03[3] ("Expert testimony is not admissible to inform the finder of fact as to the law that will be [applied] to the facts in deciding the case . . . Expert witnesses are also prohibited from drawing legal conclusions . . . This proscription precludes an expert from

---

[5] Rule 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed.R.Evid. 704(a).

testifying in the language of statutes, regulations or other legal standards that are at the heart of the case"). Id. n.4.

Again, looking at Mr. Pearlstein's report, he begins by stating he was "requested by Plaintiffs' counsel to provide [his] opinion concerning the Dragonetti claim . . ." He then proceeds to take the facts of the case, as he deems relevant, and applies them to each element of the law governing Dragonetti Act claims, as he understands it. He ultimately concludes that defendants violated the Dragonetti Act – a central legal question in this action. For all intents and purposes, Mr. Pearlstein's report is a legal brief in support of plaintiffs' Dragonetti claim. Mr. Pearlstein is not explaining any industry policies, customs or practices relative to the plaintiffs' case in his report. Moreover, he is not providing factual conclusions. He is applying the law to the facts and providing a legal conclusion. Allowing Mr. Pearlstein, as an expert witness, to testify about the legal merits of plaintiffs' claim would 'amount [ ] to nothing more than advocacy from the witness stand.'" King Drug Co. of Florence, Inc. v. Cephalon, Inc., 2015 WL 6750899, at *18 (E.D.Pa. Nov. 5, 2015). As such, the court will grant defendants' motion to exclude and strike the report of Mr. Pearlstein.

In accordance with the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 2, 2020**
16-411-01